BARNETTE, Judge.
This suit before us on an appeal by Excel Finance Mid City, Incorporated (Excel), as a result of an annulment of Excel’s judgment in a garnishment proceeding against William Stepter and Abel Stepter, doing business as Stepter’s Truck Service (Stepter).
On April 5, 1967, Excel obtained a default judgment against Eddie Payne and Mrs. Bessie Payne for the sum of $456.37 with interest, attorney fees and costs representing the balance owed by Payne on a promissory note executed by him to Excel. On April 13, 1967, a writ of fieri facias and garnishment were obtained by Excel making Stepter garnishee. Counsel for Excel was notified by counsel for Stepter that Eddie Payne was no longer in the employ of Stepter and nothing further was done in the matter.
In October, 1967, Payne returned to the employ of Stepter. Upon learning of this fact Excel filed a rule for judgment against the garnishee on November 10, 1967, which was set for hearing on November 27.
On November 16, 1967, the attorney for Stepter sent the following letter to the attorney for Excel:
“November 16, 1967
Mr. Sidney I. Goldman
730 National Bank of Commerce Bldg.
New Orleans, Louisiana
Re: Excel Finance Mid City vs.
Eddie Payne
Dear Mr. Goldman:
It appears, per the copy of the enclosed letter, that the White System of *52 New Orleans had the first garnishment against Mr. Payne’s wages and this is being paid at this time. In the event that the initial judgment is paid in full, we will thereafter make payments to Excel Finance. If you have any questions, please call me at 524-7727.
This man only returned recently to the employ of Stepter’s. Do you still intend to have the November 27, 1967 meeting, in which event I will ask my client to attend and participate.
You might also wish to discuss this matter with Mr. Shoughrue to verify that his garnishment was levied first.
Sincerely,
FARIS, ELLIS CUTRONE
GILMORE & LAUTEN-
SCHLAEGER
BY:
TCWE/el
Enclosure”
Attached to the letter was a copy of Step-ter’s letter to the attorney for White System of New Orleans advising him of Stepter’s intention to begin payments pursuant to White’s garnishment against Payne. There was no further communication between the attorneys for Excel and Stepter; and on November 27 Excel’s attorney appeared in court and obtained a default judgment against Stepter as garnishee in the full amount of its judgment against Payne. '
On January 29, 1968, Stepter filed a petition to annul the November 27 judgment. Excel filed an ey.ception of no cause of action to the petition to annul and in the same pleading, as required by LSA-C.C.P. art. 5002, filed its answer denying the substantive allegations of Stepter’s petition.
On May 14, 1968, the matter was called for hearing and the following judgment was entered:
“This matter came up this day on a petition to annul the Judgment rendered against the garnishee, WILLIAM STEP-TER AND ABEL STEPTER, d/b/a STEPTER’S TRUCK SERVICE, rendered on the 27th day of November, 1967 and was submitted to the Court for adjudication.
PRESENT: T. C. W. ELLIS, ESQ., Attorney for Garnishee
SIDNEY I. GOLDMAN, ESQ., Attorney for Plaintiff
The Court being of the opinion that the law and the evidence is in favor of the garnishee herein, WILLIAM STEPTER AND ABEL STEPTER, d/b/a STEP-TER’S TRUCK SERVICE, and against the plaintiff herein, EXCEL FINANCE MID-CITY, INCORPORATED, on the Exception of No Right or Cause of Action for the reasons orally assigned this day:
IT IS ORDERED, ADJUDGED AND DECREED that the Exception of No Right or Cause of Action filed by the Plaintiff herein, EXCEL FINANCE MID-CITY, INCORPORATED, and against the garnishee herein, WILLIAM STEPTER AND ABEL STEPTER, d/b/a STEPTER’S TRUCK SERVICE, be and the same is hereby dismissed AND, accordingly:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment in favor of the garnishee, WILLIAM STEPTER AND ABEL STEPTER, d/b/a STEPTER’S TRUCK SERVICE, and against the plaintiff, EXCEL FINANCE MID-CITY, INCORPORATED, cancelling, annulling and setting aside the judgment rendered herein against the garnishee on the 27th day of November, 1967, WILLIAM STEPTER AND ABEL STEPTER, d/b/a STEP-TER’S TRUCK SERVICE, at the cost of plaintiff herein.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the garnishee, WILLIAM STEPTER AND ABEL STEPTER, be and they are here *53 by granted five days to answer the garnishment issued herein.
Judgment read, rendered and signed in open Court this 14th day of May, 1968.”
It is from this judgment that Excel has appealed.
The record before us on this appeal does not contain any testimony, evidence, certificates, or court minutes indicating what, if anything, transpired on May 14, except as reflected by the foregoing judgment. It indicates that there was, at most, an appearance of the attorneys for the opposing parties and, we assume, an argument on the exception of no cause of action, which was overruled, and forthwith, without trial of the issues raised by the petition to annul the judgment were decided, judgment was entered.
We are unable, from the record before us, to decide the merits of the case. The record contains all proceedings from the filing of Excel’s petition for judgment on the note against the defendants, Eddie Payne and Mrs. Bessie Payne, through the foregoing judgment against the garnishee and pertinent entries relative to the taking and perfecting of this appeal. The only purported transcript of testimony is a brief unsworn statement by the attorney for Excel on November 27, 1967, when the judgment on the rule against the garnishee, Stepter, was entered. It is as follows :
“In order that the Court is fully informed, Counsel for Plaintiff has received a letter from Mr. T. C. W. Ellis, acknowledging that Stepter’s Truck Service has been duly served and disclosing that there is a previous garnishment in effect against defendant herein, Eddie Payne.
However, no answer being filed to the garnishment, no one being present in Court representing Defendant in Rule herein, Counsel for Plaintiff introduces and files into evidence the entire record herein, more particularly the order for a Fifa herein issued April 13th, 1967, the garnishment herein against William and Abel Stepter, dba Stepter’s Truck Service, the Constable’s return showing service on April 17th, 1967, on William Stepter, the Rule for Judgment against Garnishee, herein filed November 10th, 1967 and the service thereon on November 11th, 1967 on William Stepter, one of the defendants herein, and pray for judgment against garnishee.
BY THE COURT:
Rule made Absolute.”
The issues raised by Stepter’s petition to annul the judgment of November 27, 1967, and as more fully revealed by the argument of counsel before this court, involve the breach of an alleged agreement between the attorneys that Excel would postpone proceedings against Stepter, and particularly the rule for judgment against Stepter as garnishee set for hearing on November 27, until the prior garnishment in favor of White System had been satisfied. Until there has been a trial of these issues, a judgment thereon is premature. From a reading of the court’s judgment of May 14, 1968, and the failure of the record to disclose anything to the contrary, no trial of issues has been had.
For the foregoing reasons the judgment of May 14, 1968, in favor of William Step-ter and Abel Stepter, doing business as Stepter’s Truck Service, the garnishee, and against the plaintiff, Excel Finance Mid City, Incorporated, annulling the November 27, 1967 judgment against the garnishee is now annulled and this proceeding is remanded to the trial court for trial of the issues involved in the petition to annul the judgment of November 27, 1967, and for such judgment as may then be in accordance with law.
Assessment of cost of court shall await a final judgment.
Annulled and remanded.